IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GUIDO IVAN RIOS PORRAS,**<br>**Petitioner,**<br><br>v.<br><br>**DAVID O'NEILL, KRISTI NOEM, PAMELA BONDI, AND JAMAL L. JAMISON,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 25-6801** |

## **MEMORANDUM OPINION**

Every now and again a federal Court is faced with a matter the subject of which is ripped from the headlines. This is one of them. Petitioner Guido Ivan Rios Porras is a non-citizen who entered the United States from Mexico near Eagle Pass, Texas, with his wife and children. Customs and Border Patrol agents found him on American soil and detained him. Within 24 hours, he was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5), which allows for discretionary parole "under such conditions as [the Department of Homeland Security] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5).

As a condition of parole, Rios Porras was required to report to the Immigration and Customs Enforcement ("ICE") office nearest his final destination—Philadelphia—within 60 days of his release, and to report on an annual basis going forward. He reported to Philadelphia's ICE office within the 60 days. And, again as required, he reported into the same office for his annual check-in on December 1, 2025, at which he was detained by ICE and jailed

1

in Philadelphia's Federal Detention Center.[1] He was charged as "an alien present in the United States who has not been admitted or paroled." *See* 8 U.S.C. § 1182(a)(6)(A)(i).

Before the Court is Porras' Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking his immediate release on the ground, *inter alia*, that his detention violates the plain language of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1101 *et seq*. His request is that he be immediately released or, in the alternative, that he be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. For the reasons that follow, Rios Porras's Petition shall be granted.

As a preliminary matter, it is worth noting the extraordinary opening of the Government's brief—which reads in pertinent part as follows:

> Rios-Porras' petition concerns whether an alien who is present in the United States without admission is properly subject to mandatory detention (*i.e.,* detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)(2), and the Court's jurisdiction to consider a petition for release. This legal question has been considered by numerous courts in the wake of the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025). **Nearly all of the resulting decisions have rejected the government's position, including numerous decisions from this District.**

Government's Response in Opposition to Petition for Writ of Habeas Corpus at 1 (ECF 4) (emphasis added). It then describes the Government's position: to wit that "the Court should dismiss the petition for lack of jurisdiction and failure to exhaust administrative remedies. In the alternative, should the Court reach the petition's merits, it should adopt the government's interpretation of the scope of § 1225(b)(2), consistent with the plain language of the statute." *Id.* at 2. Rios Porras disputes that this Court lacks jurisdiction; argues that it would be futile, here, to

---

[1] In August 2023, Rios Porras filed an application for asylum, which remains pending. Since their entry into the United States, Rios Porras and his family have lived productive and law-abiding lives.

require exhaustion of administrative remedies; and that the Government's interpretation of Section 1225(b)(2)(A) is inaccurate.

The law is piled sky high against the Government's position. While it states that "nearly all" decisions have ruled against the Government, there are none in this District accepting its position.[2] The Government, to its credit does, however, include a string cite to cases in this District which have *all* rejected its stated viewpoint. *Pereira v. O'Neill*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Conde v. Jamison*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Suspes v. Rose*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Hidalgo et al. v. O'Neill*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Delgado Villegas v. Bondi*, No. 25-cv-6143 (E.D. Pa. Dec. 4, 2025) (Diamond, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez v. O'Neill*, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Yilmaz v. Warden of Fed. Det. Ctr. Philadelphia*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Wu v. Jamison*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (J. Gallagher); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (J. Savage); *Morocho v. Jamison*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Centeno Ibarra v. Warden of the Fed. Det.*

---

[2] There are, however, a handful in other districts. *See*, *e.g.*, *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, 2025 WL 2730228, at *5 (S.D. Cal. Sept. 24, 2025); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) (noting that, at the time of decision, "there [were] 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA . . . was rejected").

*Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.).

There are more opinions that the Government does not cite. *See, e.g.*, *M- L- Z- v. Noem*, 2025 WL 3470046 (E.D. Pa. Dec. 2, 2025) (Baylson, J.). Indeed, nearly every day since the filing of the Government's response at least one additional order has been docketed finding against it on this issue. *See Hurtado v. Jamison*, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Garcia-Zamora v. Jamison*, 2025 WL 3642088 (E.D. Pa. Dec. 16, 2025) (Bartle, J.); *Picon v. O'Neill*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J.); *Anirudh v. McShane*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.). And—says the Government—there are many more habeas petitions pending in the Eastern District of Pennsylvania which confront the same legal concern.

The Government's hope, presumably, is that if it keeps pushing the boulder of its argument up the hill at least one judge may rule against the weight of the authority. Perhaps, like Sisyphus in the version of the myth re-cast by Albert Camus, that hope is founded in the act of defiance. *See* Albert Camus, *The Myth of Sisyphus* (1942). But the tale before the courts is the traditional one of Greek mythology: the Government returns again and again to push the same theory uphill, only for courts to send it rolling back down again.

There is no question that hope plays a critical role in human experience: "Hope builds a bridge across the abyss into which reason cannot look. It can hear an undertone to which reason

4

is deaf.  To the hopeful, the world appears in a different light.  Hope gives the world a special radiance; it brightens the world."  Byung-Chul Han, *The Spirit of Hope* (2024).  But, to rely on hope in a setting where reason is king—to move from the myth to the modern, from the sublime to the ridiculous—is an enterprise which resembles a game of whack-a-mole, in which the mole (here, the Government) insists on repeatedly volunteering to get struck by the judicial gavel.

And here we go again.  For the reasons set forth in *Kashranov*, 2025 WL 3188399, *Demirel*, 2025 WL 3218243, and *Ndiaye*, 2025 WL 3229307, which are adopted here, this Court finds that Rios Porras's detention without a bond hearing violates the INA.  The Court also agrees with those decisions in rejecting the Government's contention that this Court lacks jurisdiction and in holding that petitioners in factually analogous cases are not required to exhaust administrative remedies before seeking habeas relief.  Accordingly, Rios Porras's detention is unlawful, and he is entitled to habeas relief.[3]

An appropriate order requiring his immediate release follows.

                                    **BY THE COURT:**

                                    **S/ WENDY BEETLESTONE**

                                    **WENDY BEETLESTONE, C.J.**

---

[3] Because habeas relief is granted on federal statutory grounds, the Court need not reach Rios Porras's regulatory or constitutional claims.  *See Soumare*, 2025 WL 3461542, at *3 ("Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach Soumare's constitutional or regulatory arguments."); *Perez Suspes*, 2025 WL 3492820, at *1 n.2 ("Because the Court finds that Mr. Perez Suspes' detention without a bond hearing violates the INA, the Court does not address Mr. Perez Suspes' arguments that his detention also violates the Due Process Clause.").